# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MR. THOMAS L. BAILEY | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-17-2084 |
| FRANK BISHOP, | * | |
| DPSCS PAROLE BOARD, | | |
| CIR. CT. HARFORD CO. MD., and | * | |
| CIR. CT. ALLEGANY CO. MD. | | |
| | * | |
| Defendants | | |

***

## **MEMORANDUM OPINION**

Petitioner Thomas Bailey filed this Petition for Writ of Habeas Corpus on July 21, 2017, along with a Motion to Proceed in Forma Pauperis which shall be granted.

The petition is difficult to discern, but appears to assert that Petitioner is entitled to release on parole due to alleged errors made at his criminal trial. ECF 1 at p. 2. He claims that a prior conviction from the State of Florida; that DNA evidence used to convict him was improperly admitted; and that his constitutional rights were violated as a result of his criminal trial. *Id*. at pp. 5 – 9.

Petitioner challenged his January 26, 1991 conviction for first degree rape and first degree sex offense in a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in *Bailey v. Galley*, Civil Action WDQ-05-1742 (D. Md. 2005). The petition was dismissed as untimely. *Id*. at Dkt. 23 and 24. To the extent that the instant petition challenges the validity of Petitioner's conviction, it is an unauthorized successive petition. Under 28 U.S.C. § 2244(b)(3), Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application.

*See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). Before this Court may consider the petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his claims challenging the validity of his conviction must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. A packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court is attached hereto. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims regarding the validity of his conviction.

To the extent that Petitioner is asserting that he is entitled to release on parole because he has served over one-half of his sentence, the petition fails to state a cognizable constitutional or

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

federal claim. The Constitution itself does not create a protected liberty interest in the expectation of parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole, they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). To the extent that state law or procedures have not been observed in Petitioner's case, that claim must be brought in state court.

To the extent Petitioner seeks a transfer to Patuxent Institution for mental health care, he has provided no factual allegations to support a claim that denying such a transfer has infringed on a federal constitutional or statutory right. In the event Petitioner wishes to pursue a claim that failing to provide him with mental health care amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, he may file a complaint pursuant to 42 U.S.C. § 1983 against individuals whom he asserts are preventing him from receiving such care. This claim, to the extent it is even raised in the context of Petitioner's challenge to his conviction, shall be dismissed without prejudice.

A separate Order dismissing the petition without prejudice follows.

   8/14/17                                                                 /S/           
Date                                                                     Paula Xinis
                                                                         United States District Judge